United States District Court
Southern District of Texas
**ENTERED**
October 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IDA RODRIGUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-00498 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## OPINION

The Court now considers Ida and Daniel Rodriguez's ("Plaintiffs") motion to remand.[1] After duly considering the record and authorities, the Court **DENIES** the motion.

### I. BACKGROUND

The Plaintiffs in this case insured their property with a policy provided by Allstate Texas Lloyds ("Defendant").[2] Plaintiffs' property allegedly suffered damage from a storm on August 13, 2014,[3] and Plaintiffs claim that Defendant failed to "fully compensate" them.[4] Plaintiffs filed suit in state court on July 14, 2016,[5] alleging breach of contract and extra-contractual violations.[6] Defendant received notice of the suit on July 20, 2016,[7] and answered on August 10, 2016.[8] Notice of removal was filed on August 19, 2016.[9] Plaintiffs moved to remand thirty-one (31)

---

[1] Dkt. No. 6.
[2] *Id*. at p. 1
[3] Dkt. No. 1-5 at p. 3.
[4] *Id*.
[5] *Id*.
[6] *Id*. at pp. 4–10.
[7] Dkt. No. 1-7 at p. 1.
[8] Dkt. No. 1-8.
[9] Dkt. No. 1.

days later on September 20, 2016.[10] Plaintiff argues that Defendants did not timely remove, and also that the amount in controversy does not exceed $75,000.[11]

## II. LEGAL STANDARD

After removal, a plaintiff may move for remand and, if it appears that the district court lacks subject matter jurisdiction, "the case shall be remanded."[12] Removal statutes are construed "strictly against removal and for remand."[13] Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.[14] In cases where remand is requested on the ground that less than the jurisdiction amount is controverted, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[15]

The sum claimed by the plaintiff in his original petition will often control.[16] However, "[t]he face of the plaintiff's pleading will not control if made in bad faith."[17] A pleading is made in bad faith when the state procedural rules prohibit plaintiffs from pleading a specific amount in controversy, but the plaintiff does so anyway, in an amount sure to evade federal jurisdiction.[18] Texas Rule of Civil Procedure 47 currently prohibits plaintiffs from pleading a specific amount.[19] When a court finds that the plaintiff acted in bad faith to avoid federal jurisdiction, "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to

---

[10] Dkt. No. 6.
[11] Dkt. No. 6. at p. 2.
[12] 28 U.S.C. § 1447(c).
[13] *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996), (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).
[14] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).
[15] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) (citations omitted).
[16] *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).
[17] *Id.*
[18] *De Aguilar*, 47 F.3d at 1410.
[19] Tex. R. Civ. P. 47.

recover more than the damages for which he has prayed in the state court complaint."[20] This safeguard is necessary to overcome a plaintiff's "tactical manipulation."[21]

Lastly, a plaintiff may avoid removal in the first place by filing a binding stipulation or affidavit as to damages *concurrently* with their initial state court petition.[22] However, any such filings given *after* removal are ignored.[23] This is because facts pertaining to jurisdiction are judged at the time of removal, not later.[24]

### III.   APPLICATION

First, the amount in controversy suggested by Plaintiffs in their original state court petition is not controlling because it was made in bad faith—simply to avoid federal jurisdiction. Since Texas Rule of Civil Procedure 47 prohibits a plaintiff from declaring a specific amount in controversy, Plaintiffs' statement that "[p]laintiffs seek monetary relief of $75,000.00 or less"[25] is unavailing, and does not control the Court's analysis.

Second, Defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant points out that the insurance policy in question provides $150,000 in coverage.[26] Moreover, the extent of damages sought and the application of treble damages likely raises the amount in controversy above $75,000. Defendant has shown that Plaintiff is seeking expansive recovery, including: "wind, hail, and water damages . . . 'the cost of destruction and restoration of the property necessary to access and fix the damages areas' and 'injuries sustained as a result of having to live in a damaged home . . . [.]'"[27] Indeed, Plaintiffs' petition makes clear that they are seeking "past, present, and future costs of repair,"

---

[20] *De Aguilar*, 47 F.3d at 1411.
[21] *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985).
[22] *De Aguilar*, 47 F.3d at 1412.
[23] *Id*. (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).
[24] *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).
[25] Dkt. No. 1-5 at p. 3.
[26] Dkt. No. 8. at p. 2.
[27] *Id*. at pp. 8–9.

"investigative and engineering fees," "mitigation [costs]," "reliance," "restitution," "costs of alternative housing while repairs are occurring," "consequential damages," "attorney's fees," "pre-judgment and post-judgment interest," "plus 18% per annum penalty."[28]

Moreover, Defendant claims that Plaintiffs' pre-suit demand letter estimated actual damages to be $37,479.16.[29] Plaintiffs' use of the terms "knowing" and "intentional" also makes clear that they are seeking treble damages.[30] In all, Plaintiffs are at least requesting relief in the amount of $112,437.48.[31] Thus, Defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Third, Plaintiffs have not proved by a legal certainty that they are unable to recover more than $75,000. The sum total of Plaintiffs' argument is as follows: "the amount in controversy is less than $75,000.00."[32] This is an insufficient showing.

Fourth, the Court ignores Plaintiffs' attached "stipulation" to damages of $75,000 or less because it was not filed concurrently with the original state court petition. It was only filed after removal had already taken place.[33] Only Plaintiffs' counsel has signed it—not Defendant's counsel[34]—and Plaintiffs have not otherwise shown why the stipulation is binding.

Finally, contrary to Plaintiffs' contentions, Defendant did remove within thirty (30) days of receiving notice of the suit.[35] Even so, Plaintiffs' own remand motion was untimely filed

---

[28] Dkt. No. 1-5 at p. 11.
[29] Dkt. No. 8 at p. 9.
[30] Dkt. No. 1-5 at p. 6.
[31] Dkt. No. 8 at p. 10.
[32] Dkt. No. 6. at p. 2.
[33] See Dkt. No. 7.
[34] Cognizable stipulations tend to involve both parties.
[35] See Dkt. No. 8. at p. 1.

thirty-one (31) days after removal, waiving any procedural defects in Defendant's removal notice.[36] Thus, Plaintiffs cannot properly challenge the timing of Defendant's removal notice.

### IV. HOLDING

The Court has diversity jurisdiction in this case. Accordingly, Plaintiffs' remand motion is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 17th day of October, 2016.

_____
Micaela Alvarez
United States District Judge

---

[36] See 28 U.S.C. 1447(c).